# Emerick, Appellant, *v.* Emerick.

*Will—Devise—Life estate—Fee simple estate—Rule in Shelley's case.*

A devise of land to testator's two sons "in trust to make their living, and to their children after them," creates an estate for life in the sons with a remainder in fee to their children.

Submitted Oct. 22, 1907. Appeal, No. 195, Oct. T., 1907, by plaintiff, from judgment of C. P. Indiana Co., Dec. T., 1906, No. 156, for defendant on case stated in suit of George Emerick v. Harvey Emerick. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine marketable title to real estate.

TELFORD, P. J., filed the following opinion :

On June 13, 1906, a contract was executed between these parties, whereby George Emerick agreed to convey to Harvey Emerick an undivided one-half interest in a certain tract of land in Canoe township, containing forty-seven and one-half acres, which was formerly the property of John Emerick, deceased, for the consideration therein named, and the said Harvey Emerick agreed to pay said consideration to the said George Emerick, if he had a fee simple interest in the undivided one-half interest which he proposed to convey. This conveyance depends upon the construction of the will of John Emerick, who died March 28, 1894, and whose will was admitted to probate on June 8, 1894. The clauses of the will to be construed are as follows :

"I give and bequeath, my land or farm, and all my personal property of whatever kind to my two sons Harvey Emerick, and George Emerick in trust to make their living and to their children after them on condition here specified or described.

" First. That they the said H. Emerick & G. Emerick be Guardian over my Grandchildren by my son J. Emerick Junior Deceased and see to it that these children get their training and education until of proper age and for that purpose I give and bequeath to them Six Hundred Dollars if needed

without selling their Real Estate. Second. I give and bequeath to my daughter Kate (Collket) ten dollars. Third that that the said H. Emerick & G. Emerick to pay my debts and funeral expenses and ackt and be apointed Executors, of this my will."

In arriving at a proper construction, we must first ascertain the intention of the testator and, in finding this intention, we must be governed by the language of the will. The language of devise is " I give and bequeath my land or farm to my two sons Harvey Emerick and George Emerick, in trust to make their living and to their children after them." The word " children " is a word of purchase and not of limitation and must be so construed, since it is not clear that the grantor used it as intending to use it in the sense of heirs.

We have searched this will to ascertain whether testator by any expression therein, indicated any intention, other than that expressed by literal words used, and find nothing to aid us.

We must therefore accept the word " children " as expressing the intent of testator and hence decide that the donees in remainder take as purchasers and not by inheritance, and that the rule in Shelley's case does not apply. Judgment is therefore directed to be entered for the defendant upon the case stated.

*Error assigned* was the judgment of the court.

*J. N. Banks,* for appellant.

*D. H. Tomb,* for appellee, filed no printed brief.

Per Curiam, November 14, 1907 :
The judgment is affirmed on the opinion of the court below.